IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KEVIN McKENZIE
A/K/A KEVIN BARRETT                                                         PLAINTIFF

v.                         Civil No. 05-2126

ALVIN MALONE; and
CHARLES WALDMAN                                                            DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Kevin McKenzie, filed this diversity action in the Eastern District of Arkansas on June 14, 2005. When he filed this action, plaintiff was an inmate in the Arkansas Department of Correction (ADC). He proceeds pro se and *in forma pauperis*.

## DISCUSSION

McKenzie has sued his former attorneys, the defendants Alvin Q. Malone and Charles E. Waldman, for legal malpractice. Malone and Waldman were retained by McKenzie to represent him on state criminal charges. McKenzie contends Malone and Waldman committed malpractice during the course of their representation of him. He also contends defendants' conduct amounted to the tort of outrage. As relief, McKenzie seeks a refund of his legal fees and compensatory and punitive damages.

As noted above, McKenzie filed this case in June of 2005. The initial scheduling order was issued on November 18, 2005 (Doc. 12). The parties were to hold their conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure by January 25, 2006 (Doc. 12). The Rule 26 (f) report was due by February 8, 2006 (Doc. 12).

On February 2, 2006, Waldman filed a motion for an extension of time to file the Rule 26(f) report (Doc. 17 & Doc. 18). In the motion, Waldman noted that his counsel and Malone had tried

-1-

repeatedly to contact McKenzie to no avail. They indicated they had sent letters to McKenzie at all addresses provided including at 4088 Chase Pace, Flowery Branch, Georgia 30542. They also indicated they had left several messages with McKenzie's family members.

On February 6, 2006, Waldman's motion for an extension of time was granted. (Doc. 19). The parties were given until March 10, 2006, to file the report (Doc. 19).

On February 10, 2006, McKenzie filed a motion for an extension of time to file the Rule 26(f) Report (Doc. 20). In the motion, McKenzie noted that he was no longer a prisoner. He stated he had been released in September due to the granting of a Rule 37 motion. Ark. R. Crim. P. 37. McKenzie noted Waldman was present at the hearing. McKenzie indicated his home address was 4088 Chase Place, Flowery Branch, Georgia 30542.

McKenzie indicated he received one message from Malone in January about settlement. McKenzie states he did not respond to this message because he was not interested in settling outside of court.

McKenzie stated that when he was out of town his daughter, Elicia Barrett received a letter via federal express on January 24, 2006, notifying him of a conference call to be held the next day. McKenzie indicates his daughter e-mailed Malone that McKenzie was out of town until the following Sunday and that the conference call would have to be rescheduled. McKenzie states his daughter also called Malone in an attempt to discuss a more convenient time but Malone responded that he did not want to talk to anyone other than McKenzie.

McKenzie states his daughter attempted to reach Malone by calling the phone number provided which proved to be incorrect and McKenzie also asserts that the address given was a shopping plaza that contained everything but an attorneys' office. For this reason, McKenzie states

AO72A
(Rev. 8/82)

his daughter e-mailed Malone again telling him that they were not attempting to play games. McKenzie states he has received no further communications from Malone or Waldman.

McKenzie's motion was granted by order entered on February 14, 2006 (Doc. 21). The parties were given until March 16, 2006, to file their Rule 26(f) report (Doc. 21).

On March 20, 2006, McKenzie filed a second motion for an extension of time to file the Rule 26(f) report (Doc. 25). In this motion, McKenzie stated he would be retaining the legal support services of a National Paralegal Service who would contract with and provide legal support services to an attorney who would represent McKenzie's interests. The motion was granted and the parties given until March 30, 2006, to file the report (Doc. 26).

On April 4, 2006, Waldman filed a motion to dismiss the complaint or alternatively a motion for sanctions (Doc. 28). Waldman requests dismissal of the case for lack of prosecution.

Waldman states that on March 5, 2006, his counsel received an e-mail from McKenzie stating that anything regarding the case should be directed to his attorney, Mr. William Marshall. However, when Marshall was contacted he explained he was not a licensed attorney but instead worked for a company that would assign plaintiff representation.

On March 28, 2006, Waldman's counsel was contacted by Marshall about his participation in the Rule 26 pre-trial conference. Waldman's counsel questioned Marshal's right to participate in the conference since he was not a licensed attorney and in this instance Marshal held himself out to be legal counsel for McKenzie.

On March 29, 2006, a call was placed to counsel's office about a Rule 26 conference to be held on March 30th. A receptionist took the call and was told it was being recorded. On March 30th at 2:00 p.m., McKenzie called and left a message. Waldman's counsel returned McKenzie's phone call and Marshall answered stating the call was going to be recorded. Waldman's counsel

indicated he would not participate in the call if Marshall was on the line, the conversation was recorded, and Malone was not involved in the call.

Waldman has moved to dismiss the case on the grounds that McKenzie had failed to retain a licensed attorney after he filed a notice with the court that he intended to hire an attorney. Waldman also asserts McKenzie has continuously tried to frustrate the judicial process and has been deceitful in his dealings with the court and defendants. Finally, Waldman asserts that since the initial scheduling order was issued McKenzie has made no effort to aid in effectively and expeditiously moving the matter through the court system.

On May 1, 2006, Malone filed a motion to dismiss (Doc. 31). In his motion, Malone notes that McKenzie on March 13, 2006, requested an extension of time to file the Rule 26(f) report because he was going to be retaining an attorney. Despite having been given until March 30th to file the report, Malone points out McKenzie has not had an attorney enter an appearance for him and has not filed a proper Rule 26(f) report. Malone argues McKenzie has made no effort to aid in effectively and expeditiously moving this case through the court system.

On April 20, 2006, McKenzie filed what purports to be a Rule 26(f) report (Doc. 29). In the document, McKenzie states he has attempted on three different occasions to have a conference with counsel for defendants. McKenzie states he has requested that paralegal William Marshall monitor such telecommunications but defendants' counsel has refused. McKenzie asserts the communications would not have been recorded without counsel's consent. McKenzie indicated Marshall was going to monitor the communications "for the sole purpose of providing the activities thereof to an attorney who would subsequently assigned to plaintiff's case while providing further legal support to said assigned attorney." (Doc. 29 at page 2).

AO72A
(Rev. 8/82)

On May 17, 2006, McKenzie filed a "reply to defendants answer to complaint." McKenzie states Waldman has both orally and via documentation demonstrated his bias toward McKenzie proceeding pro se going so far as to imply that McKenzie has no right to proceed pro se. Further, McKenzie states Waldman refuses to honor and respond to McKenzie.

A report and recommendation was entered on July 12, 2006 (Doc. 35). The report, among other things, stated that dismissal for failure to prosecute was too harsh a sanction at that point. (Doc. 35 at page 8).

On July 20, 2006, Waldman filed objections to the report and recommendation (Doc. 36). Waldman noted that McKenzie continued to be uncooperative in the case. Waldman stated McKenzie failed to properly answer interrogatories . Further, Waldman stated when the report and recommendation was entered he sent a letter to McKenzie regarding the scheduling of a Rule 26(f) conference on July 25, 2006. However, Waldman states he has never been provided with a contact number for McKenzie.

On July 20, 2006, Waldman also filed a motion to compel (Doc. 37). The motion to compel was granted by order entered on July 25, 2006 (Doc. 39). Plaintiff objected to various interrogatories on the grounds that providing such information would afford defendant the opportunity to hear plaintiff's evidence prior to trial. The court found these objections to be without merit and ordered plaintiff to provide amended responses within ten days of receipt of the order (Doc. 39).

On July 26, 2006, both Malone and Waldman filed motions asking that the court deem requests for admission admitted (Doc. 40 & Doc. 41). Both motions assert that plaintiff has not responded to requests for admission in the time allowed by law. Defendants indicate they have communicated with plaintiff in good faith in an effort to obtain his responses but to no avail.

AO72A
(Rev. 8/82)

On July 27, 2006, Malone also filed a motion to compel (Doc. 43). The motion to compel asks the court to compel plaintiff to submit amended responses to interrogatories. Plaintiff in response to the interrogatories has objected to providing the information as it would afford defendant an opportunity to hear plaintiff's evidence prior to trial.

To date, plaintiff has not responded to the motions to deem requests for admission to be admitted (Doc. 40 & Doc. 41) or the motion to compel (Doc. 43). The time respond to the motions as provided in Rule 7.2(b) of the Local Rules for the Eastern and Western Districts of Arkansas has expired.

On July 27, 2006, defendants filed an amended Rule 26(f) report (Doc. 46). In the report, defendants note that the parties did participate in a conference call on July 25, 2006. However, defendants state the plaintiff did not provide any information for the disclosure sheet stating that it was unnecessary to do so. Further, defendants state plaintiff was not willing to discuss expert witness testimony nor inform defendants whether he intended to call an expert witness.

Defendants maintain that it is virtually impossible for them to prepare an adequate defense given plaintiff's failure to cooperate and his failure to comply with the rules of discovery. Defendants point out that the trial of this matter is scheduled for October 16, 2006.

First, we note that only one of the defendants, Charles Waldman, is represented by counsel. Mr. Matthew Ian John, represents only defendant Waldman. Alvin Malone represents himself in this matter. Thus, McKenzie is required to serve all documents and to communicate with both John (on behalf of Waldman) and Malone.

Second, while McKenzie has a right to represent himself even if he is not a lawyer, *see* 28 U.S.C. §1654, he may not have a non-lawyer represent him. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997)(non-lawyer has no authority to appear for others); *United*

AO72A
(Rev. 8/82)

*States v. Bertolini*, 576 F.2d 1133 (5th Cir. 1978)(no right to be represented by a non-lawyer of his choice); *United States v. Thibodeaux*, 758 F.2d 199, 201 (7th Cir. 1985)(no right to be represented by someone who is not admitted to the bar); *Lawson v. Edwardsburg Public School*, 751 F. Supp. 1257, 1258-59 (W.D. Mich. 1990)("Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this court."). Thus, although McKenzie may seek Marshall's assistance, McKenzie may not have Marshall represent him in communications with the defendants or this court.

We do not read defendants' motions to be suggesting McKenzie has no right to represent himself. Instead, we read defendants' motions as objecting to McKenzie obtaining additional time from the court by stating he was retaining counsel and then failing to do so. Defendants also object to dealing with a paralegal employed by McKenzie. As noted above, this is a valid objection.

McKenzie's pro se status does not entitle him to disregard to the Federal Rules of Civil Procedure. *Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993). McKenzie has offered no substantial justification for his failure to communicate with defendants and for his failure to comply with the court's scheduling order. McKenzie has repeatedly refused to cooperate with the defendant Malone, who represents himself, and Waldman's counsel in engaging in discovery so that this case can be prepared for trial.

This case has now been pending for more than a year and the parties were notified of the trial date in November of 2005. Since the filing of the first report and recommendation by the undersigned on July 12, 2006 (Doc. 35), it has become increasingly evident, from the various

AO72A
(Rev. 8/82)

motions and documents filed by the defendants, that plaintiff has continued to be unresponsive and uncooperative. Plaintiff has ignored all deadlines established by the court and has ignored the mandates of the court's scheduling order as well as the requirements of the Federal Rules of Civil Procedure. The court therefore believes it is proper to dismiss the case based on plaintiff's failure to prosecute this case with reasonable diligence.

## CONCLUSION

I therefore recommend that the motions to dismiss be granted. **The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 30th day of August 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)